## THE STATE v. AUGUST H. WILKINS, Appellant.

### Division Two, June 8, 1909.

1. **EVIDENCE: Certain as to Fact: Uncertain as to Date.** Where the witnesses were certain and clear as to the commission by defendant of the offense of sodomy charged, but uncertain as to whether the various acts were committed within the one or another of the three years before the filing of the information, it will not be held that the evidence against defendant is unworthy of belief or that a demurrer thereto should have been sustained.

2. **———: Statements of Defendant: Foundation.** Statements and admissions of a defendant prior to his indictment, and prior to his arrest or restraint, freely and voluntarily made, are always admissible against him. And such admissions and statements are admissible without the laying of any foundation therefor.

3. **PROMPT INSTITUTION OF PROSECUTION: Instruction.** The law does not require immediate action in cases of sodomy; and the court should refuse an instruction asked by defendant telling the jury that in such cases complaint should be made and the prosecution instituted as soon after the commission of the offense as is reasonably practicable. Such an instruction presents no issue of fact for the jury's determination. The law of rape does not apply to such crime.

4. **SODOMY: Consent: Corroboration: No Instruction.** If the boy ten years of age willingly consented to the commission upon him by defendant of the abominable crime against nature, he was an accomplice, and his testimony connecting defendant with the offense should be corroborated. But where no such instruction was asked, yet the boy was corroborated by two other witnesses, defendant is not in a position on appeal to complain that such an instruction was not given.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Willis H. Clark* for appellant.

(1) The evidence against appellant was unworthy of belief and was not sufficient to overcome the presumption of his innocence, consequently the demurrers to the evidence interposed on his behalf should have been sustained. State v. Burgdorf, 53 Mo. 65; State v. Shelly, 166 Mo. 618; State v. Hahn, 189 Mo. 241. (2) The testimony of Mrs. Dahm as to the alleged conversation between herself and defendant was wholly incompetent and should have been excluded upon the objection made to it when introduced and upon the motion to strike it out. State v. Foley, 144 Mo. 600. (3) The alleged statement of defendant to the witness George Burton was admitted without proper foundation, was incompetent of itself, constituting no admission of guilt, and served only the purpose of villifying defendant by matter which he was unable to meet, except by a bald denial which 'was of little avail in the face of such a charge. (4) In view of the peculiar nature of the testimony defendant was on clear principles of law entitled to the cautionary instruction he asked respecting the delay in prosecution.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) The court properly overruled the demurrer offered by appellant at the close of all the testimony in this cause. There was direct evidence that the crime had been committed as charged. It was the province of the jury to weigh and pass on this testimony. State v. George, 113 S. W. 1118; State v. Dilts, 191 Mo. 665; State v. Miller, 191 Mo. 587; State

v. Dusenberry, 112 Mo. 293; State v. Macks, 140 Mo. 656. (2) The law does not require any immediate disclosure of this crime. Both parties may be equally guilty. Counsel for appellant attempts to apply the law of rape to the law of this case, which the court properly refused to do. (3) The court properly instructed that there is no Statute of Limitation against the offense charged. R. S. 1899, secs. 2173, 2418. (4) It was not error to permit leading questions to be asked the prosecuting witness under the circumstances in proof. It was within the discretion of the court to permit leading questions of this boy of tender years, and we say it was not abused in the least. State v. Bateman, 198 Mo. 222; State v. Napper, 141 Mo. 401; State v. Whalen, 148 Mo. 286.

BURGESS, J.—The defendant, at the April term, 1907, of the circuit court of the city of St. Louis, was convicted of the crime of sodomy, committed with one Fred Dahm, a boy of the age of ten years, and his punishment assessed at ten years in the penitentiary, under an information filed by the assistant circuit attorney of said city, charging the defendant with the commission of said offense on the first day of May, 1906. After unavailing motions for a new trial and in arrest of judgment, he appealed.

The testimony was, in substance, as follows:

The defendant, for several years, owned and carried on a coal and ice business at Third and Clark avenue, in the city of St. Louis, and afterwards, in the year 1904 or 1905, he engaged in the saloon business at 308 South Fourth street, in said city. Some witnesses testified that he ceased to conduct the coal and ice business in the spring months of 1904, while others stated that he did so in the spring of 1905. As to the date of the commission of the alleged offense the testimony is still more conflicting, some witnesses tes-

tifying that it occurred in March, 1905; others, in March, 1904, and still others, that it occurred some time in 1903. In this particular regard, the testimony of the prosecuting witness, Fred Dahm, is somewhat inconsistent and contradictory. With reference to the act, however, the testimony on the part of the State is both clear and convincing. The boy, Fred Dahm, testified that the crime charged was committed by defendant in a small office used in connection with his said coal and ice business, and again in a near-by shed or stable, and that soon afterwards his "behind" got so sore that he could not sit down without suffering great pain, and that his mother took him to a doctor for treatment. Earnest Buerke, a boy about twelve years of age at the time of the trial, testified that he was present when the act was committed, and that it was done in a stable at the rear of defendant's place of business. Mrs. Dahm, mother of the prosecuting witness, testified that her son told her about the crime some time after its commission; that by reason of the act the boy's rectum had become inflamed and sore, and that she found it necessary to take him to a physician. She further testified that she went to the defendant's place of business and told him that her boy was sick from being ill used there, at his place, and that the defendant said that he had seen the boy around there, but that he knew nothing about what might have happened to him there. It appears from the testimony that a number of boys were in the habit of visiting the defendant's place of business, and that other boys than the prosecuting witness had been similarly used by the defendant.

Testifying in his own behalf, the defendant denied the charge in the most positive terms. A number of witnesses for the defendant testified as to his previous good reputation. It developed, however, that the defendant had been convicted of the charge of selling liquor without a license in the year 1906.

It is said for the defendant that the evidence against him was unworthy of belief and insufficient to overcome the presumption of his innocence, and that the demurrer to the evidence interposed in his behalf should, therefore, have been sustained.

There was direct and positive testimony that the offense charged against the defendant was committed by him with the boy, Fred Dahm, on more than one occasion, on one of which occasions the Buerke boy, as he testified, was present and witnessed the act. Other boys testified to similar acts with them. The witnesses for the State were uncertain as to the dates of these occurrences, but as to the commission of the acts, the witnesses were perfectly clear and direct in their testimony. Nor was any of them impeached. It is true that upon the cross-examination of witness Buerke, he testified that he stole money to give to the defendant. While all the incriminating statements made by the State's witnesses were denied by the defendant, we are of opinion that the court did not err in overruling the demurrer to the evidence. It cannot be fairly said that there was no substantial evidence to support the verdict, and this court has uniformly held that where there is substantial evidence to support the verdict the Supreme Court will not interfere. [State v. George, 113 S. W. 1116; State v. Dilts, 191 Mo. 665; State v. Miller, 191 Mo. 587; State v. Dusenberry, 112 Mo. 293; State v. Marcks, 140 Mo. 656.]

Defendant insists that the testimony of Mrs. Dahm as to the conversation alluded to between herself and the defendant was incompetent and should have been excluded upon the objection made to it when introduced, or should have been stricken out upon motion made by defendant for that purpose. The defendant was not under arrest or any kind of restraint at the time, and was as free to talk as any other person. Statements and admissions of a person accused of crime are always admissible against him, when freely

and voluntarily made.  Nothing is said in State v. Foley, 144 Mo. 600, to the contrary.

George Burton, who gave his age as twelve years, testified for the State that he knew both Fred Dahm and the defendant, and that the latter, in the spring of 1905, at his place of business located at 219 South Third street, made a statement to him as to the way he had used the Dahm boy.

"Q. When was that?  A. In the spring.  Q. Where was it?  A. 219 South Third street.  Q. Is that where his coal yard was?  A. Yes, sir.

"Q. What did he say?  A. He said he could not get it in Freddie—that he was too small.  He took me in the office and told me.  Freddie was outside, playing.  He had been in the office before I went in—about five minutes before.  Then Freddie went out and I went in, and he told me that.  The first time I saw Freddie after the door was open he was buttoning his pants up.  As soon as Freddie went out he told me that."

On cross-examination, this witness testified as to the same matter as follows: "That was in the spring of 1905.  In the month of April.  It was earlier than March or April.  I think it was in March—that was the time Freddie come with me.  This was before the World's Fair.  I am sure about that.  I know when the World's Fair was; I went out there.  This that I talk about happened before the World's Fair. I am not mistaken about that at all.  The World's Fair was in 1904.  We 'were at his place before the Fair started.  The World's Fair began in the spring of 1904.  Freddie came in March and I was there before Freddie.  When he told me that about Freddie it was in 1905.  He did this to me, and after the World's Fair he done it to Freddie.  I went down by myself, and Freddie followed me.  That was in 1905.

.It was after the World's Fair when Mr. Wilkins said this to me about Freddie being small.''

It is insisted that the statement of the defendant to witness Burton did not constitute any admission against himself, that no proper foundation was laid for its admission even had it been competent, and that in view of the testimony that defendant had sold out and removed from Third and Clark avenue before the year 1905, the testimony given by Burton was clearly impeached.

The State had the right to have the testimony of George Burton go to the jury for what it was worth, even though there was other testimony to the effect that defendant had moved from Third and Clark avenue, and engaged in the saloon business, before 1905. We understand the law to be that the statements and admissions of a person on trial for crime are admissible in evidence against him, without laying any foundation therefor, which seems to be intimated by counsel for defendant to be necessary.

Defendant further contends that the court erred in refusing an instruction asked by him to the effect that in cases of this character complaint should be made and the prosecution instituted as soon after the commission of the alleged offense as is reasonably practicable, etc. The instruction was properly refused, because it presented no issue of fact for the consideration of the jury. Nor does the law require any immediate action in cases of this character. It would seem by said refused instruction that the defendant wanted the court to apply the law of rape to this case, which the court properly declined to do.

If, as the evidence tends to show, Freddie Dahm willingly consented to the commission upon him by the defendant of the crime against nature, with which the defendant stands charged in the information, he was an accomplice in the crime, and his testimony connecting the defendant with the offense would need cor-

roboration (2 Bishop's New Crim. Proc., sec. 1018; Com. v̇. Snow, 111 Mass. 411; Medis and Hill v. State, 27 Tex. Crim. App. 194); and the court would doubtless so have instructed the jury had it been requested so to do, or had its attention been called to the matter. However, as the prosecuting witness was corroborated by two other witnesses, viz., Mrs. Dahm and Earnest Buerke, the defendant is in no position to complain that such an instruction was not given.

Finding no reversible error in the record, we affirm the judgment. All concur.