## THE STATE v. STERLING PRICE, Appellant.

**Division Two, January 4, 1915.**

1. **SODOMY: Evidence.** Evidence *held* sufficient to support a conviction of sodomy.

2. ———: **Instructions: All the Law of the Case: Motion for New Trial: Appeal.** The motion for a new trial must specify wherein the court in a criminal trial failed to instruct on the law of the case, and the general assignment that the court failed "to instruct on all the law governing the case" presents no point for appellate review.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

AFFIRMED.

*Loyd Martz* for appellant.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

WILLIAMS, C.—Upon an information charging him with "the detestable and abominable crime against nature," defendant was tried in the criminal court of
**Sodomy.** Jackson county, found guilty, and his punishment assessed at ten years in the penitentiary. The trial court entered a remittitur of five years of the punishment and thereupon sentenced him to serve five years in the penitentiary. Thereafter defendant duly perfected an appeal to this court. The evidence upon the part of the State tended to establish the following facts: The offense was committed by defendant upon the body of an 18-year-old boy while the two were cell mates confined in the county jail at Independence, Missouri. At the time of the alleged offense, defendant was serving a term in the jail at

Independence on a plea of guilty to the charge of larceny. He had been previously convicted and served a term in the Missouri penitentiary for attempted burglary and larceny. The 18-year-old boy upon whom the offense was committed had just received a two-year sentence for burglary and was being held in jail preliminary to his being transported to the penitentiary. On the day of the alleged offense, the defendant, who prior thereto had become acquainted with the boy, invited him to become his cell mate, telling him that his (defendant's) wife was going to send him some clean bed clothes. The boy accepted the invitation and moved into the cell with defendant. A short time after the guards locked them into the cell for the night, defendant asked the boy to submit to his unnatural sexual desire, but the boy refused. The defendant then seized the boy by the right hand and twisted his wrist and arm and threatened him with violence unless he yielded. Thereupon the boy through fear of the defendant yielded and twice during that night defendant had carnal knowledge of the body of said boy. The next day the boy made complaint to the officers of the jail and was transferred to another cell. Nine or ten days thereafter, the jail physician made a physical examination of the boy and discovered an irritated and bruised condition of the rectum, which he testified could have been caused by the said act of defendant. Upon the cross-examination of the physician, the defendant's attorney developed the following facts: At the time of, and for several months prior to, the alleged offense, the defendant was afflicted with a venereal disease. That at the time of the examination the doctor did not discover any indications of the said disease upon the boy. The doctor further testified, however, that it would require from three to six weeks after infection for the disease to develop and that if the boy should have become infected with the disease by contact with the defendant the symptoms

thereof would not have developed at the time of the examination. The defendant, testifying in his own behalf, denied that he had, in any manner, interfered with the boy. Two or three witnesses for the defendant, inmates of the jail, testified that a few days after the alleged offense they heard the boy say that defendant had not violated his person, but that it was a "frame up" upon the defendant, and there is some inference from their testimony that the boy was trying to obtain a parole and perhaps thought that by making the charge against this defendant he would enlist the sympathy of the officers and aid his chances of obtaining a parole. The boy did not obtain a parole so far as this record shows.

I. Appellant has not favored us with a brief in his behalf.

**Evidence.** In the motion for a new trial, it is contended that the verdict is against the evidence.

The jail physician's testimony tended to corroborate the boy's testimony of the abuse of his body. The evidence upon the part of the State clearly made out a prima-facie case against the defendant (State v. Wilkins, 221 Mo. 444), and is therefore sufficient to support the verdict.

II. The motion for a new trial further assigned as error the action of the court in admitting improper evidence against the defendant and in **Exclusion and Admission.** excluding proper evidence offered by the defendant. Concerning these two points, it is sufficient to say that the record before us shows that the court admitted all the evidence offered by defendant and sustained each objection made by defendant to testimony offered by the State.

III.  The motion for a new trial does not complain of the instructions given, but assigns as error the failure of the court "to instruct on all the law governing the case."  This assignment does not *specify* upon what point of law the court failed to instruct and therefore fails to present a point requiring further consideration here.

Instructions:
Motion for
New Trial.

IV.  The motion in arrest attacks the information.

The information substantially follows the form set forth in Kelley's Criminal Law and Practice, par. 936, except that certain necessary changes were made to conform to the facts in the present case.  We are unable to discover wherein the information or any other portion of the record proper is defective.  It therefore follows that the judgment should be affirmed.  It is so ordered.  *Roy, C.,* concurs.

Information.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court.  All the judges concur.