[Crim. No. 287.   Third Appellate District.—January 21, 1915.]

## THE PEOPLE, Respondent, v. CHARLES CAMP, Appellant.

CRIMINAL LAW—LASCIVIOUS ACT UPON BOY—INSTRUCTIONS—ACCOMPLICE.—In a prosecution under section 288 of the Penal Code for lewd and lascivious conduct with a boy under the age of fourteen, there was no error in refusing to instruct the jury at the defendant's request that "a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof" or "that the prosecuting witness is an accomplice in this case, if you believe from the evidence that he consented to the act charged," where there was no showing made to rebut the presumption that the complaining witness was incapable of committing the crime or that he understood the wrongfulness of the act and consented to its perpetration, as, in the absence of such evidence, he could not be held to be an accomplice.

ID.—PERSONS CAPABLE OF COMMITTING CRIME—CHILDREN.—The statute defining persons who are capable of committing crimes excepts children under the age of fourteen, in the absence of clear proof that at the time of the act charged against them they knew its wrongfulness.

ID.—EVIDENCE—EXPERT TESTIMONY.—In such a case the question as to what effect such acts charged against the defendant would have in "arousing the feelings or gratifying the lust or passions or sexual desires of the man in the case," is addressed to a matter of expert testimony and is admissible.

26 Cal. App.—25

APPEAL from a judgment of Sacramento County and from an order denying a new trial.   Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

Charles A. Tuttle, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant was convicted under an indictment, of the offense denounced by section 288 of the Penal Code, of lewd and lascivious conduct with a boy under the age of fourteen years.   It is not claimed that the evidence is insufficient to support the verdict or that there was any irregularity in the trial except in two particulars.

In the first place, complaint is made that the court refused to give the following instructions requested by defendant.

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof"; and

"You are instructed that (prosecuting witness) is an accomplice in this case, if you believe from the evidence that he consented to the act charged; and in that event, his testimony must be corroborated as I have instructed you in the last instruction."

On these proposed instructions the trial court made the following indorsement: "Refused, no question of accomplice mentioned, not applicable to facts."   There seem to be two sufficient reasons for the action of the trial court.   One is, that there was no substantial showing that the prosecuting witness was an accomplice.   He could not be an accomplice unless he understood and appreciated the wrongfulness of the act and consented to its perpetration.   As to his knowledge of the nature of the offense, the law prescribes the same test as it does for a principal.   And the statute has provided a rule to be applied to the case of minors as follows: "Who are capable of committing crimes.   All persons are capable of committing crimes except those belonging to the following

classes.    1. Children under the age of fourteen, in the absence
of clear proof that at the time of committing the act charged
against them, they knew its wrongfulness; . . . '' (Pen. Code,
sec. 26.)

The prosecuting witness being under the age of fourteen,
the aforesaid presumption would apply and ''clear proof''
that he knew the wrongfulness of the act was required before
it could be said that he was an accomplice. Not only is
there an absence of such ''clear proof'' but no attempt seems
to have been made to show that he understood the nature of
the act. He was not interrogated concerning his knowledge
of good and evil or his capacity to discern the moral quality
of defendant's said conduct. Neither was any other witness
examined as to the mental capacity or moral development of
the victim of the outrage. For aught that appears to the
contrary, he may have been mentally weak even for one of his
age and entirely incapable of distinguishing between right
and wrong. At any rate, no showing was made by defendant
to rebut the presumption that he was incapable of committing
the crime or of being an accomplice in its commission and,
therefore, neither of said instructions was pertinent to
any rational view of the facts in the case. It may be said,
also, as to the apparent acquiescence of the prosecuting wit-
ness in the lewd, act of the defendant, that it appears to have
been a mere passive assent rather than an intelligent and
voluntary choice that characterizes actual consent to the crime
and criminal participation in its perpetration. The difference
between these two mental attitudes is clearly set forth in
*People* v. *Dong Pok Yip*, 164 Cal. 147, [127 Pac. 1031], to
which reference may be had for a further discussion of the
subject.

In addition, it may be suggested that there was complete
corroboration of the testimony of the prosecuting witness.
Another boy of about the same age testified positively to the
lascivious acts set forth in the indictment. He claimed to
have been an eye witness, and upon his testimony alone the
jury would have been justified in finding a verdict of guilty.
The said instructions were not addressed to the contingency
that the testimony of the other witness might be false or un-
worthy of belief, but they were based upon the hypothesis
that the prosecuting witness was not *corroborated.* He was
undoubtedly fully *corroborated;* hence, in that respect, there

was no basis for the theory suggested by said proposed instructions.

The other objection of appellant relates to a question addressed to an expert as to what effect such acts charged against defendant would have in "arousing the feelings or gratifying the lust or passions or sexual desires of the man in the case." This seems to be a matter of expert testimony. A peculiar knowledge of the human system is requisite to answer the question intelligently. It would be a reflection upon the average and normal man to hold that such expert assistance is not needed. The normal man, it may be assumed, has no such knowledge nor experience as would qualify him to determine, without the aid of an expert, the neurotic or orgastic effect of such indecent acts. On the contrary, if it should be conceded that the objection to the question addressed to the physician should have been sustained, it would follow that the error was without prejudice for the reason that we must assume no other inference than the one embraced in said opinion can possibly be indulged. Whether a matter of expert or of common knowledge, in other words, we must hold, there can be no dissent from the conclusion that such acts would have such effect upon the lustful desires of one bestial enough to be guilty of such conduct.

We find no prejudicial error in the record and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.