[Crim. No. 607.   Second Appellate District.—July 29, 1918.]

## THE PEOPLE, Respondent, v. LOUIE DELGADO, Appellant.

CRIMINAL LAW—COMMISSION OF LEWD ACTS—IDENTITY OF DEFENDANT —SUFFICIENCY OF EVIDENCE.—In this prosecution for lascivious conduct with an eight year old girl in violation of section 288 of the Penal Code, it is held the evidence is sufficient to warrant the conclusion that the defendant was the perpetrator.

ID.—PLACING OF HAND ON PRIVATE ORGANS—GIRL NOT AN ACCOMPLICE. In a prosecution for the commission of lewd acts, where the defendant was charged with placing the hand of a girl of the age of eight years upon his private organs, the girl was not, in view of the amendment of 1915 to section 1111 of the Penal Code, an accomplice, being, if anything, a mere passive instrument.

ID.—EVIDENCE—SUBSEQUENT ACTS.—In such a prosecution, evidence of what occurred two weeks subsequent to the date charged, when the defendant was trapped and arrested, is admissible.

ID.—EXPERT TESTIMONY — EFFECT OF PLACING HAND UPON PRIVATE ORGANS—HARMLESS ERROR.—In such a prosecution the admission of expert testimony to prove that the placing of a girl's hand upon a man's private organs would tend to excite his passion and to a certain extent gratify his desires is error without prejudice where the jury under the evidence could not well have concluded that the acts charged were other than those denounced by the statute.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—LACK OF DILIGENCE. In such a prosecution it is not error to deny a motion for a new trial on the ground of newly discovered evidence, where the evidence was such as could have been procured with reasonable diligence at the trial.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

J. C. C. Russell, for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell, for Respondent.

JAMES, J.—Defendant, after conviction of the crime described in section 288 of the Penal Code, appeals from a judg-

ment of imprisonment and an order denying his motion for a new trial.

The evidence offered on behalf of the prosecution was as to its most material part furnished by a little girl eight years of age. She testified that on the seventeenth day of February, 1918, she entered a picture theater in the city of Hanford and took a seat well toward the front of the room; that in the seat next to her was the defendant, a young Mexican, whom she had never seen before to her knowledge; that defendant offered her five cents and told her to get some popcorn, but that she did not do this; that defendant offered her ten cents, but did not present it to her; that he gave her another ten-cent piece and took that away, then "half a dollar or a dollar" and took that away; that when he proffered her the first ten cents he said, "if you will give me a kiss"; that thereafter he moved over toward her, placed his hand under her dress and placed one of her hands in his lap under his hat and upon his private organs. The little girl further testified that she took her hand away "about a minute after," and that upon going out of the theater she told her mother, who in turn told the father. The evidence was further that on a Sunday, two weeks later, she went to the theater with her mother and father, the latter being determined to trap the man if he should again approach the child. The mother and father took seats toward the rear of the room and the child went to the front and sat down. Soon the same man came and sat beside her and began to talk to her; whereupon an officer was called, who placed him under arrest. Throughout the early part of her testimony the little girl had referred in positive terms to the defendant as being the man who had committed the lewd act on the seventeenth day of February. Toward the conclusion of her testimony she was asked by the district attorney whether she was sure that the defendant was the same man who molested her on the 17th of February, and the following dialogue thereupon occurred: "A. I am almost sure, because he offered me money. Q. Are you not positive? A. I am almost sure. Q. You are almost sure? A. Yes, sir. Q. Are you sure that it is the same man that came in the second time when they arrested him? A. I am almost sure. Q. Well, are you just as sure it was the same man they arrested on the second Sunday as you are that it was the same man you saw there on the 17th?

A. I am almost sure. Q. Well, I want to find out how sure you are, Birdie. You say you are almost sure it was the same man both times; now are you just as sure that it was the same man the first time as you are that it was the same man the second time? A. Yes.'' The latter answers given by the child form the basis for the argument made by appellant that the evidence was insufficient to warrant the conviction in that there was no sufficient proof of the identity of the defendant. The cross-examination of the child developed no greater uncertainty as to the matter of her identification of the defendant than that appearing from the testimony quoted. We think that there was enough presented to the jury to warrant it in concluding that the defendant was the person who committed the lewd acts on the day charged; that is, there is no such want of evidence as to authorize this court to say that the verdict in that particular is unsupported.

The appellant further contends that if any criminal act was committed, the child was an accomplice to it, and that her testimony should have been corroborated. It does not appear that the child was an active participant in the unlawful performance, but rather that she was, if anything, a mere passive instrument in the hands of the defendant. She was, therefore, not an accomplice. (*People* v. *Camp,* 26 Cal. App. 385, [147 Pac. 95].) Furthermore, as the attorney-general properly suggests, she could not have been an accomplice under the definition given in Penal Code, section 1111, as amended in 1915. The amendment referred to is as follows: ''An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.'' (See, also, *People* v. *Beggs,* 178 Cal. 79, [172 Pac. 152].) The decisions cited by appellant, which refer to the state of the law as it existed prior to the date of the amendment, are plainly not in point. The evidence of what occurred on the Sunday subsequent to the 17th of February and at the time when defendant's arrest occurred was admissible under the rule now well settled. There are a number of decisions which give expression to that rule, only one of which need be cited: *People* v. *Mathews,* 139 Cal. 527, [73 Pac. 416].

Appellant claims that it was prejudicial error for the court to permit a physician to testify in answer to a hypothetical question embodying the circumstances of the offense and to give his opinion that the acts complained of would "tend to excite the passions and gratify to a certain extent the desires of the individual perpetrating such acts." The matter was probably not one calling for the expression of expert opinion, but conceding error in admitting this testimony, we cannot see that any prejudice could result therefrom. Defendant denied *in toto* the commission of any such acts. The acts themselves, as described by the child (we have not attempted to relate all of the details in the foregoing), were in their very nature of the kind denounced by the statute; and under the evidence, the jury could not well have concluded that they were other than of that variety.

The court instructed the jury fully and fairly, and we think no error is shown in the refusal to give certain instructions offered by the defendant and in modifying others. The errors claimed as affecting the instructions, in our opinion, do not warrant any particular discussion. It may be noted that the court was careful to advise the jury that the testimony of a child of tender years ought to be viewed with great care and caution and without bias and prejudice; further stating that the charge made against the defendant was one "easy to make, but hard to disprove."

Appellant urged before the trial court that he was entitled to a new trial because of alleged newly discovered evidence. This evidence, as shown by several affidavits used on hearing of the motion, consisted in the statements of persons who deposed that they had seen the appellant on the day and during the time that the alleged crime was committed a considerable distance away from the town of Hanford; one of these deponents at least had talked with the appellant, who, he deposed, was driving a horse and wagon on a journey for firewood. The nature of this so-called newly discovered evidence was such as must have been within the reach of defendant at all times during his trial; his counsel, by the very nature of the defense which he presented, was put upon inquiry as to the same facts. Defendant at the trial testified that he was not in the picture show house on the 17th of February, but that he was at work on a ranch. This contention of his would at once suggest the finding of other evidence in

the nature of *alibi* proof and would ordinarily lead to an inquiry by his counsel as to what persons the defendant had been with, seen, or talked to at the important time. It cannot be said, we think, that the evidence claimed to have been newly discovered was such as could not have been procured with reasonable diligence at the trial. No abuse of discretion is, therefore, shown in denial of the motion.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.