[Crim. No. 651. Second Appellate District, Division One.—June 5, 1919.]

THE PEOPLE, Respondent, v. PORFIRIO LOZA, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—IDENTITY OF ACCUSED.—In this prosecution for assault with intent to commit rape, the testimony of the victim, a young girl of the age of about thirteen years, although her answers were qualified, coupled with the admissions of the defendant made after he had been arrested and taken to the jail, was sufficient to warrant the verdict of the jury that the accused was the person who committed the assault.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert D. Trujillo for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of assault with intent to commit rape. The appeal is from a

judgment of imprisonment and from an order made by the
trial court denying to defendant a new trial.

[1] In support of the claim for reversal of the judg-
ment, it is contended that the evidence was insufficient to
warrant the verdict of the jury, particularly in that the
identity of the defendant as being the person who com-
mitted the alleged assault was not established. We have
carefully examined the transcript of the evidence and think
that sufficient evidence is shown to fully support the verdict.
A young girl, about the age of thirteen years, was on her
way home from school in a country district in the county
of Riverside on a day in November, 1918. It was approach-
ing dark and her way led along an uninhabited road, by
the side of which was brush or shrubbery. While passing
along this road, she was accosted and seized by a Mexican,
thrown to the ground and the rape was attempted. In
order to still her cries the assailant beat her in the face
so that blood ran, and the child became partially uncon-
scious. However, before the act designed had been accom-
plished, the assailant, evidently becoming frightened at some
noise, left his victim and ran away. Before doing so, how-
ever, he had not only beaten the girl, as we have narrated,
but as evidence of his ultimate purpose had torn her under-
clothing almost from her body. On the morning following
the assault several Mexicans were brought before the little
girl and she identified the appellant as being the man who
had assaulted her. His description tallied with the picture
of her assailant as it appeared to her mind. However, at the
trial she would not swear positively that appellant was the
assailant, and it is because of her qualified answers in this
regard that counsel now contends that no sufficient identifi-
cation was shown. Among the statements made in her tes-
timony, the child, when asked if she was positive that the
appellant was the man who assaulted her, said: "Yes, I
am positive of it, but I won't swear to it; I am as positive
as possible to be, but I won't swear because I may be mis-
taken." When asked as to what had been her state of
mind when the man was first brought before her the day
after the assault had been committed, regarding his identity,
she said: "Well, I was certain he was the man when I saw
him. Q. Are you still of that opinion? A. I am." There
was the testimony of another school girl who had passed

along that road earlier in the afternoon, to the effect that she had been pursued by a Mexican, and that in her opinion the appellant was the man whom she had seen at that time. But this was not all. After the appellant had been arrested and taken to the jail he made statements in which, in effect, he admitted that he had committed an assault upon the young girl at the time charged. It is argued that these statements were disconnected, indefinite, and not properly interpreted, but an examination of them will show that at least one of the witnesses who heard the statements testified positively that he did hear from the lips of the defendant the direct admission that he had had improper relations with a child. These statements were brought out by inquiry being made of the appellant as to the cause of his arrest. The evidence as to the identity of the defendant was fully as strong as that shown in the case of *People* v. *Delgado*, 37 Cal. App. 807, [175 Pac. 24], where the judgment was sustained.

We find no error here sufficient to warrant an order of reversal.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.