## STATE v. RUTLEDGE.

### No. 43735.

Supreme Court of Missouri.

Division No. 1.

May 10, 1954.

Charles Rutledge, pro se.

John M. Dalton, Atty. Gen., Will F. Berry, Jr., Asst. Atty. Gen., for respondent.

HYDE, Presiding Judge.

Defendant was convicted of sodomy and sentenced to life imprisonment. He has appealed and, in accordance with Supreme Court Rule 28.02, 42 V.A.M.S., we examine matters previously considered part of the record proper.

The information alleged five previous convictions, one in Illinois, two in California and two in Missouri. It then charged the crime of sodomy as follows: "The said defendant, Charles Albert Rutledge, on or about the 6th day of August, 1952, at and in the County of Cape Girardeau in the State of Missouri, did then and there willfully, unlawfully and feloniously, commit the detestable and abominable crime against nature by then and there placing the sexual organ of the said Charles Rutledge into the anus of one Arthur Ray Rhodes, contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the State." This information was in proper form to charge defendant with the crime of sodomy under Section 563.230. Statutory references are to RSMo and V.A.M.S.; State v. Hannon, Mo.Sup., 7 S.W.2d 278 and cases cited. It also properly charged prior convictions under which defendant was imprisoned and from which he was discharged. See Sections 556.280 and 556.290.

The verdict was: "We, the jury, find the defendant guilty of Sodomy and assess his punishment at imprisonment in the State Penitentiary for Life." This verdict was general in form, responsive to the charge and assessed punishment within the limits authorized by Section 563.230. See State v. Villinger, Mo.Sup., 237 S.W.2d 132. Appellant was afforded allocution and sen-

tenced in conformity with the verdict of the jury so we find no record proper error.

█ Defendant has filed a brief (covering the grounds of his motion for new trial) in which he contends that the Court should have directed a verdict because there was no credible, substantial evidence to sustain the verdict of the jury. However, Arthur Ray (13 years old at the time of the trial) testified positively that the act charged occurred, under a railroad trestle about a mile from the town of Delta, after defendant had got him to drink some gin. There was testimony by another boy that defendant got him to go that afternoon and get Arthur Ray and that he left them together near the railroad. Arthur Ray admitted that he once told defendant's counsel that there was no penetration but, at the trial, he positively testified that there was and that he had soreness from it. He also said he did not tell anyone what had happened until State Highway Patrolman Swingle asked him about it and told him he was going to take him to the Jackson jail. He said he told Patrolman Swingle the truth. We must hold that this testimony was substantial evidence and that its credibility was for the jury. Even if the pathic in this case be considered an accomplice, a conviction may be sustained on uncorroborated testimony of an accomplice if it is believed by the jury. State v. Emrich, Mo. Sup., 250 S.W.2d 718; State v. Bockman, Mo.Sup., 251 S.W.2d 607; See also cases cited in these two cases. Furthermore, there were some corroborating circumstances herein.

The law as to accomplices is stated in State v. Glazebrook, Mo.Sup., 242 S.W. 928, which also we think properly criticises State v. Wilkens, 221 Mo. 444, 120 S.W. 22, in its statement that a boy of this age would be an accomplice in the crime of sodomy. On that subject, the opinion states [242 S.W. 933]: "However, the Wilkens Case is further in error in holding that a boy 10 years of age can legally consent to the crime of sodomy. To so hold was not only out of harmony with statutes and rulings concerning the age of consent, but violates an enlightened sense of human responsibility and is not promotive of a wholesome administration of the criminal law. In other jurisdictions it has been expressly held that boys of from 14 years and younger could not consent to crimes against nature and that their testimony in regard thereto need not be corroborated to sustain a conviction. People v. Camp, 26 Cal.App. 385, 147 P. 95; Means v. State, 125 Wis. 650, 104 N.W. 815; Mascolo v. Montesanto, 61 Conn. 50, 23 A. 714, 29 Am.St.Rep. 170; Kelly v. People, 192 Ill. 119, 61 N.E. 425, 85 Am.St.Rep. 323. Not only therefore is the Wilkens Case in this respect violative of the general rule in regard to the testimony of accomplices, but, under its particular facts, it incorrectly states the law concerning consent." We hold that the Court did not err in refusing to direct a verdict for defendant.

██ Defendant claims error in failure to instruct on all issues. He complains of two matters, namely: the jury was not instructed on defendant's right not to testify and the jury was not instructed on the testimony of an accomplice. It is sufficient to say that no such instructions were offered by defendant. However, as to the first matter it is held that it is not error to refuse such an instruction even when it is requested. State v. Denison, 352 Mo. 572, 581, 178 S.W.2d 449, 455 and cases cited.) As to the testimony of an accomplice, we have held: "Such matter being collateral to the main issue, and in the absence of a request therefor by defendant, the court was not required to instruct thereon as a part of the law of the case". State v. Rizor, 351 Mo. 137, 142, 171 S.W.2d 710, 712, and cases cited. These allegations of error are without merit.

Defendant also claims error in admitting evidence of his previous convictions. In his motion for new trial it was stated that this was error because the State did not make a submissible case and that was the ground of objection stated at the trial. In his brief, it is claimed that the records of these convictions were not verified by the proper authorities. Our ruling that a submissible case was made disposes of the first contention. As to the second, after the Court

overruled defendant's objection on the ground that these records were not admissible because the State had not made a prima facie case, it was then stipulated between counsel what these records did show as to conviction and discharge of defendant in each instance; the substance of each being stated to the jury by defendant's counsel.

Defendant also claims error as to the Court's action concerning an inquiry by the jury after they had retired to consider their verdict. The jury was brought into the courtroom and the following occurred:

"Juror: If we ask a question you do not care to answer, just make a statement to that effect. The Court: Yes.

"Juror: They want to know if—since this boy didn't tell this story to anyone else, how did that patrolman get the news of it the next day? The Court: That is something that is not in evidence. I don't know and you don't know.

"Juror: That is all right. We discussed it between ourselves. We thought it might be better if we could find it out. We didn't know whether it would be permissible. The Court: I don't know. It is not in evidence."

There is no merit in this allegation of error. Defendant's complaint seems to be that the Court did not answer the jury's question. However, it concerned a matter not in evidence and probably not admissible. Defendant's brief also attempts to raise a question of newly discovered evidence; but there was no such ground in his motion for new trial, and the affidavit on which he relies (attached to his brief and not in the record) states only conclusions.

The evidence warranted a life sentence under the habitual criminal statutes, Sections 556.280 and 556.290, but the jury made no finding as to former convictions in their verdict. However, a life sentence was also authorized under Section 563.230. We find no error in the trial.

The judgment is affirmed.

All concur.