**STATE of Missouri, Respondent,**

**v.**

**Charles RUTLEDGE, Appellant.**

**No. 46541.**

Supreme Court of Missouri,
Division No. 2.
Nov. 10, 1958.

No attorney for appellant.

John M. Dalton, Atty. Gen., John C. Baumann, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

This is an appeal from an order overruling the motion of Charles Rutledge to vacate a judgment (42 V.A.M.S. 120, Sup.Ct.R. 27.-26) imposing a sentence of life imprisonment for sodomy (§ 563.230). (Statutory references are to RSMo 1949, V.A.M.S.) Appellant's conviction was affirmed upon appeal in State v. Rutledge, Mo., 267 S.W.2d 625.

Supreme Court Rule 27.26 authorizes relief to prisoners in custody under sentence "on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack." This is in substance the same as similar provisions of 28 U.S.C.A. § 2255, applicable to judgments of the Federal courts. It affords the prisoner a convenient means for an attack on a judgment that is void or otherwise subject to collateral attack within the grounds set forth in Rule 27.26 by motion in the original proceeding and does not broaden the right of attack or scope of review beyond that permitted in habeas corpus proceedings. "A motion under Rule 27.26 may not be used as a substitute for a motion for new trial * * nor function as an appeal. * * * 'The proceedings under Rule 27.26 constitute a collateral attack upon the judgment, and they must meet all the requirements of a collateral attack.' " State v. Hagedorn, Mo., 305 S.W.2d 700, 702 [3]. Consult 20 A.L.R.2d 987; United States v. Edwards, D.C., 152 F.Supp. 179.

A hearing is not required on a motion under Rule 27.26 if the files and records of the original proceeding disclose that the motion fails to state a claim for relief, the court not being required to accept as true allegations which the files and records show are erroneous. State v. Ninemires, Mo., 306 S.W.2d 527, 529 [2, 12]; State v. Kitchin, Mo., 300 S.W.2d 420 [2]. It is not a purpose of the rule to clog the courts with obviously ill-advised, frivolous or false claims but to expedite the disposition of meritorious motions.

An examination of petitioner's motion discloses that all contentions therein made relate to trial errors; and the files and records of petitioner's original appeal indicate they were disposed of adversely to petitioner. We state the substance of the grounds alleged without quoting petitioner's motion, which is verbose, overlapping and intermingled with argument, and give the citation of rulings on the original appeal.

**a.** That the information illegally charged movant with being a previous offender in that said charge was not substantiated by proof, and the court erred in admitting in evidence the records of movant's alleged previous convictions without proper verification. State v. Rutledge, Mo., 267 S.W.2d 625 [2], and, as stated at loc. cit. 626 and 627, petitioner's attorney stated to the jury, upon stipulation between counsel, the substance of the records of petitioner's prior convictions and discharge.

**b.** That the court erred in overruling petitioner's motion for judgment of acquittal. 267 S.W.2d 626 [3].

**c.** That the court erred in failing to instruct on all the issues of the case in that there was no instruction on petitioner's failure to testify (267 S.W.2d 626 [5]), and no instruction "on the 'Second Offense Act.'" Petitioner's statement that there was no instruction "on the 'Second Offense Act'" is a misstatement of what the record establishes.

**d.** That the verdict of the jury was fatally defective in that it fails to state the crime of which petitioner was found guilty. 267 S.W.2d 625. Here petitioner's motion misquotes the verdict, again misstating the record.

**e.** That the court erred in failing to instruct on the testimony of an accomplice, petitioner's theory being that the pathic was an accomplice. 267 S.W.2d 626.

**f.** On the ground of newly discovered evidence, which petitioner asserts is positive proof he "was convicted of a crime that was never committed." The contention is based on a typewritten copy of an affidavit attached to the motion. This copy purports to be of an affidavit of the mother of the pathic. The affidavit does not disclose that she had knowledge of the facts of the offense or of the facts connected with the statements in the affidavit where she stated that the jury found defendant guilty "solely through the testimony of" the pathic and that after the trial she realized that the testimony of the pathic "had been prompted by a misunderstanding of the act and through pressure by State Trooper Morley Swingle." The paper attached to the instant motion is a copy of the affidavit mentioned at 267 S.W.2d 627, and held to state "only conclusions." A reading of the affidavit sustains that holding. No affidavit of the pathic is submitted nor is its absence accounted for. Motions under Rule 27.26 and supporting affidavits should state facts, not mere conclusions. State v. Ninemires, Mo., 306 S.W.2d 527, 530 [8]. See United States v. Edwards, D.C., 152 F.Supp. 179, 183 [6, 7]. The trial transcript of the cross-examination of the pathic discloses that defendant's counsel had information of facts occurring between Trooper Swingle and the pathic (267 S.W.2d 626), and defendant's counsel did not see fit to develop the situation or to cross-examine Trooper Swingle when he was thereafter called to the stand (consult McGuinn v. United States, 99 U.S.App.D.C. 286, 239 F.2d 449, 451 [3], certiorari denied 353 U.S. 942, 77 S.Ct. 818, 1 L.Ed.2d 762). Defendant offered no evidence in his behalf. Rule 27.26 does not function to vacate a judgment for failure of defendant's counsel to fully develop at the trial facts connected with an occurrence of which he has information. The conclusions stated in the instant paper go to impeach the credibility of a witness and this has been considered insufficient for a new trial based on the ground of newly discovered evidence. See State v. Tompkins, Mo., 277 S.W.2d 587, 593 [24]. A fortiori, it should be considered insufficient for vacating a judgment under Rule 27.26. The following may be of some interest with respect to relief under Rule 27.26 on the ground that newly discovered evidence tends to establish perjury on the part of a prosecuting witness: State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 807 [7–10]; State v. Ninemires, supra, 306 S.W.2d 531; Figueroa v. Saldana, 1 Cir., 23 F.2d 327, 328, certiorari denied 277 U.S. 574, 48 S.Ct. 530, 72 L.Ed. 995; Shaver v. Ellis, 5 Cir., 255 F.2d 509, 511; McGuinn v. United States, supra; United States v. Rutkin, 3 Cir., 212 F.2d 641, 643 [3–5].

Rule 27.26 contemplates findings of fact and conclusions of law after hearings under the rule, and undoubtedly it is good practice for a summary order of denial to show that the motion, files and records establish that the prisoner is entitled to no relief.

We conclude the issues here urged were for review upon an appeal. In addition, they were sufficiently ruled on petitioner's appeal. No error was committed in overruling petitioner's motion without a hearing. Karrell v. United States, 9 Cir., 247 F.2d 706, 710; McGuinn v. United States, supra, 239 F.2d 449 [1].

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.