[Crim. No. 4575.   Second Dist., Div. Two.   Jan. 30, 1951.]

THE PEOPLE, Respondent, v. PAUL PERCIFUL BENT-
LEY, Appellant.

William W. Larsen for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant and one Garcy were charged with the violation of section 288a of the Penal Code. Defendant pleaded not guilty, waived trial by jury, and was found guilty by the court as charged. His motion for a new trial was denied and he has appealed from the order denying the motion.

Defendant's contention that the evidence is insufficient to sustain the judgment of guilty for the reason that he was not sufficiently identified is without merit. The act with which he was charged took place in a public restroom having two stalls. There was a hole in the partition separating them. A police officer testified that he looked through the east window of the restroom and observed defendant; he then looked through the west window and observed Garcy in the act of committing the offense. He entered the restroom and arrested both parties. No other persons were in the restroom during the period of time covered by the evidence. Defendant does not deny his presence in the restroom but merely denies having engaged in the criminal offense.

Corroboration of the police officer's testimony was not required. (*People* v. *Shafer,* 101 Cal.App.2d 54, 58-59 [224 P.2d 778, 781].) It is not unsubstantial or inherently improbable and this court will not set aside the judgment of the trial judge who accepted and believed the evidence. (*People* v. *Kasunic,* 95 Cal.App.2d 676, 679 [213 P.2d 778].)

At the request of defendant the trial judge viewed the premises and stood in the positions occupied by the officer

when the latter made his observations. At the hearing of the motion for a new trial the judge stated that at the time he visited the premises "defendant was still clothed with the presumption of innocence," and that after the officer had indicated the manner in which he looked through the windows and the judge had stood in the positions indicated by the officer he had "concluded beyond a reasonable doubt that that which the officer said he did see was, in fact, possible to be seen." Defendant contends that these remarks of the court must be construed to mean that he was not clothed with the presumption of innocence throughout the trial. The quoted statement merely indicates that when the court looked through the windows, as indicated by the officer, it was clear beyond a reasonable doubt that the officer could have seen the parties in the positions he had described. The statement does not indicate that the court had at that time reached a conclusion concerning defendant's guilt or innocence. ■ Furthermore, an appellate court will not give any consideration to remarks made by the trial judge in the course of deciding a case. (*People* v. *Lindsey,* 90 Cal.App.2d 558, 564 [203 P.2d 572]; *Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777, 781 [163 P.2d 756]; *Stone* v. *Los Angeles County Flood Control Dist.,* 81 Cal.App.2d 902, 907 [185 P.2d 396]; *People* v. *Shafer, supra,* p. 54.)

■ The act with which defendant was charged was committed shortly before 4 o'clock in the afternoon. The court viewed the premises during the morning. Defendant assigns error in that the lighting conditions were probably much better when the court visited the premises than at the time of the offense. The visit to the scene of the crime was made at the request of defendant and he did not make any objection either during the view of the premises or at any other time during the trial that the lighting conditions were not the same as when the offense occurred, nor did he make any objection to what transpired while there. In the absence of objection at the trial this assignment of error is without avail and without merit.

The order denying defendant's motion for a new trial is affirmed.

Moore, P. J., and McComb, J., concurred.