[Crim. No. 4572.   Second Dist., Div. Two.   Apr. 27, 1951.]

THE PEOPLE, Respondent, v. RUSSELL L. SELLERS, Appellant.

Richard C. Fildew for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant and his codefendant, Spencer, were convicted of a violation of section 288a of the Penal Code. Sellers has appealed from the judgment and from the order

denying his motion for a new trial. There is also a purported appeal from the verdict.

■ Appellant contends that the evidence is insufficient to sustain his conviction. The act took place in a restroom having doorless stalls; there was a hole in the partition between the two stalls occupied by defendants; some of the partitions between other stalls did not have such holes. Two police officers who had been observing the premises for two weeks entered a vacant space behind the restroom and lifted aside a portion of the wooden wall which had previously been cut out; the distance from the point where the officers were conducting their observation to the top of the toilet seat was between 7½ and 8 feet. Three 100-watt light bulbs were burning in the restroom.

After Sellers and Spencer entered adjoining stalls they waited until the room was vacant with the exception of one person in another stall; the officers observed Spencer committing the act on Sellers. They left their observation posts, entered the restroom and found both defendants in the process of rearranging their clothing, whereupon they placed defendants under arrest.

The foregoing evidence is sufficient to sustain the conviction. (*People* v. *Bentley,* 102 Cal.App.2d 97 [226 P.2d 669].)

■ Corroboration of the police officers' testimony is not required.

■ Defendant denied he had engaged in the act charged and several witnesses testified that his reputation in the community for morality, chastity, and nonhomosexuality was good. The effect of such evidence was for the jury to determine.

■ Defendant assigns as error the refusal of the court to permit a physician specializing in neurology and psychiatry to express an opinion as to whether, after having made a complete psychiatric examination, defendant was to any extent a homosexual. Defendant's argument is to the effect that by reason of the admissibility of evidence against a defendant of other sex crimes for the purpose of showing his tendency in that regard, he should be permitted to offer expert testimony that he is not a homosexual. He concedes that there are no authorities sustaining his position.

The law does not make a distinction as to the type of person who may commit the act charged. It is a punishable offense whether the person is normal or abnormal. The proffered evidence is not, as argued by defendant, a type of circum-

stantial evidence admissible for the purpose of proving the performance or nonperformance of a criminal act.

The cases cited by defendant do not sustain his position. In *People* v. *Baldwin*, 117 Cal. 244, 248 [49 P. 186], the court held that evidence offered by the defendant should have been admitted to show that it was physically impossible for a man to commit rape upon a small girl in the manner and under the circumstances described by her, and to show that the condition in which the child's person was found had been produced by means other than that claimed by her. In *People* v. *Camp*, 26 Cal.App. 385 [147 P. 95], it is said that the evidence of an expert is admissible for the purpose of determining what effect the acts charged against the defendant would have in arousing the feelings or gratifying the lust or passions or sexual desires of the man in the case. Such evidence is entirely different from that offered by defendant in the instant case.

The judgment and the order denying defendant's motion for a new trial are affirmed. The purported appeal from the verdict is dismissed.

Moore, P. J., and McComb, J., concurred.