[Crim. No. 5464.   In Bank.   Feb. 5, 1954.]

THE PEOPLE, Respondent, v. RAYBURN A. JONES, Appellant.

Bertram H. Ross for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, William E. James and Lester Ziffren, Deputy Attorneys General, for Respondent.

EDMONDS, J.—Rayburn Jones was convicted by a jury upon each of two counts of an information which charged him with having violated section 288 of the Penal Code. His motion for a new trial was denied and he was placed on probation for five years, subject to certain conditions, one of which is that he serve one year in the county jail. The principal point presented upon his appeal from the order denying his motion for a new trial concerns rulings rejecting certain evidence.

At the time of the alleged offenses, Carol, 9 years of age, was living with Jones and his wife, her uncle and aunt. Carol described the conduct of Jones upon the two occasions specified in the information, and it clearly was a violation of the statute. In addition, she testified that Jones indulged in similar acts "lots of days." Upon one occasion, Carol told the jury, Jones, prior to his lewd and lascivious conduct, showed her four books containing pornographic pictures and writing. Another time, she said, Jones attempted to persuade her to engage in acts denounced by section 288a of the Penal Code.

Briefly stated, what Jones did, as related by Carol, amounted to sexual relations without penetration. Her testimony was that the acts commenced approximately one month after she arrived at the Jones' home, and continued for about a year. She then moved to the residence of another aunt and uncle, Mr. and Mrs. Scrivner.

Although Carol had stayed with the Scrivners upon two occasions for as long as four to six weeks during the time of her residence with Mr. and Mrs. Jones, Mrs. Scrivner testified that Carol had not informed her or her husband of any wrongful conduct of Jones. According to Carol, and Mrs. Scrivner corroborated her, she told the Scrivners about it a few days after she went to live with them. She made no

complaint at the time she was living in the Jones' home, she testified, because he said "that if I did he would spank me." She told the jury that after moving to the Scrivner home Jones "wasn't around and I thought it was safer."

Jones denied having committed any of the acts related by Carol. He testified that he did not show Carol any pornographic books but he admitted having had eight or nine pictures of nude women in his bedroom. Jones testified, and his wife agreed, that their sexual relationship was mutually satisfactory. To the contrary, the mother-in-law of Jones told of complaints by him that his wife did not satisfy him sexually. There was character evidence that Jones had a good reputation for morality in the community in which he resided. Mrs. Jones said that Carol's reputation for truth and veracity was bad.

Jones does not claim that the evidence is insufficient to support the verdicts of the jury. He urges that because it is directly conflicting and evenly balanced, errors of law occurring at the trial compel a reversal.

The principal ground relied upon is the refusal of the trial court to admit certain expert opinion evidence. Specifically, Jones' offer of proof in this connection was as follows: "If produced as a witness, Dr. Solomon [a psychiatrist] will testify that at my request he examined Mr. Rayburn Jones on two occasions, one without the use of drugs and on the second occasion with the aid of a drug known as sodium pentathol; that as a result of those examinations he reached the conclusion that Mr. Jones is not a sexual deviate and he is incapable of having the necessary intent to be lustive, either for himself or to satisfy the lusts of a child of nine and a half years of age." The trial judge commented, "I take it the purpose of producing the evidence would not be to show an abnormal mental state which would preclude the defendant from having a particular specific intent; in fact, your evidence would be offered to show what is a normal state of mind of a person who would not be prone to commit such an act." Counsel for Jones agreed with that statement of his position.

■ "All facts having rational probative value are admissible, unless some specific rule forbids." (1 Wigmore on Evidence [3rd ed. 1940], § 10, p. 293; and cf. Code Civ. Proc., § 1868.) ■ The general test of relevancy of indirect evidence is whether it tends logically, naturally, and by reasonable inference to prove or disprove a material issue.

(Code Civ. Proc., § 1832; *People* v. *Eldridge,* 147 Cal. 782, 784 [82 P. 442] ; *People* v. *Donnolly,* 143 Cal. 394, 398 [77 P. 177] ; *cf. People* v. *Peete,* 28 Cal.2d 306, 315 [169 P.2d 924].)

Jones contends that the offered evidence was admissible upon the question of specific intent. Relying upon *People* v. *Wells,* 33 Cal.2d 330 [202 P.2d 53], he takes the position that a defendant charged with having committed an act which requires a particular intent to make it a crime, is entitled to present any evidence, not amounting to proof of legal insanity, which tends to disprove the specific mental state.

Section 288 of the Penal Code provides: ''Any person who shall wilfully and lewdly commit any lewd or lascivious act . . . upon or with the body . . . of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such . . . child, shall be guilty of a felony . . ..'' Unquestionably the statute defines a crime requiring the proof of the stated intent. (*People* v. *Booth,* 111 Cal.App.2d 106, 108 [243 P.2d 872] ; *People* v. *Hamey,* 23 Cal.App.2d 689 [73 P.2d 1254].) Here such intent was clearly established by the circumstances connected with the offenses. (See Pen. Code, § 21; *People* v. *Booth, supra,* at p. 109; *People* v. *Hobbs,* 109 Cal.App.2d 189, 192 [240 P.2d 411].)

However, Jones did not base his defense upon the lack of specific intent and for that reason the decisions he relies upon are inapplicable. His sole purpose in offering in evidence the doctor's opinion, as is shown by his agreement with the trial court's statement of his position, was to prove that he did not engage in the acts for which he was on trial. Necessarily the required specific intent must have been present if his conduct was such as described by Carol.

Jones claims that the rejected evidence had probative value for the purpose of determining whether or not he is a ''sexual deviate'' and was admissible for such purpose. As support for his position, he cites the provisions of the Welfare and Institutions Code relating to sexual psychopaths (§§ 5500-5521).

In the determination of probabilities of guilt, evidence of character is relevant. (*Michelson* v. *United States,* 335 U.S. 469, 476 [69 S.Ct. 213, 93 L.Ed. 168] ; 1 Wigmore on Evidence, *supra,* § 55, p. 449.) ''The purpose of the evidence as to the character of the accused is to show his disposition, and to base thereon a probable presumption that

he would not be likely to commit, and, therefore, did not commit, the crime with which he is charged." (*State* v. *Lee,* 22 Minn. 407, 409 [21 Am.Rep. 769].) ■ Proof of the good character of the defendant may be considered as a fact tending to rebut the truth of testimony of an incriminatory character which is sufficient to establish the truth of the charge against him. (*People* v. *Green,* 217 Cal. 176, 183 [17 P.2d 730]; *People* v. *Ashe,* 44 Cal. 288, 291-294; 1 Wigmore on Evidence, *supra,* § 56, pp. 450-451.) ■ Character is proved by evidence of the accused's general reputation in the community for the traits which are in issue. (*People* v. *Gordan,* 103 Cal. 568, 573-574 [37 P. 534]; *People* v. *Neal,* 85 Cal.App.2d 765, 771 [194 P.2d 57]; *People* v. *McMillan,* 59 Cal.App. 785, 787 [212 P. 38].) Such evidence is sufficient to create a reasonable doubt of guilt. (*People* v. *Bell,* 49 Cal. 485, 489.)

Under the Welfare and Institutions Code, a sexual psychopath may be dealt with as a person who is a menace to the health or safety of others. When one is convicted of a sex offense involving a child under 14 years of age and the crime is a felony, there shall be a subsequent proceeding to determine whether the person is a sexual psychopath. (§ 5501, subd. [c]; and *cf.,* also, Welf. & Inst. Code, § 5501, subd. [b], providing for a similar procedure where a second offender is convicted of a misdemeanor.) The Legislature has concluded that a person who engaged in such conduct upon one occasion has given probable cause for believing that he is a sexual psychopath. Even if there be a judicial finding that the offender is not a sexual psychopath, he is not completely exonerated in that regard. Upon release from imprisonment he must register with the sheriff or chief of police in the area in which he resides and give notice of a change of residence. (Pen. Code, § 290.) Also, a first offender convicted of a sex offense involving a child under 14 years of age may not be placed on probation until the court obtains a report from a reputable psychiatrist as to the mental condition of such person. (Pen. Code, § 288.1.)

■ These statutory provisions concerning those who commit sex offenses clearly state a legislative determination that such a person is more likely to violate section 288 than one who has no such propensity; to some extent there is a cause and effect relationship. Evidence that a person has no such disposition is analogous to that in regard to character, for it bears upon the probability of the innocence of the accused.

From evidence which tends to prove that a person is not a sexual psychopath, an inference reasonably may be drawn that he did not commit the act denounced by section 288. (See Code Civ. Proc. § 1960.) The competency of expert opinion in this field of evidence is established by the statutory procedure for the determination of sexual psychopathy (Welf. & Inst. Code, §§ 5504-5506). Accordingly, the evidence here excluded was relevant to the general issue before the jury and should have been admitted.

The People rely upon *People v. Sellers,* 103 Cal.App.2d 830 [230 P.2d 398]. Sellers, a male, was convicted of a violation of section 288a of the Penal Code committed with a male. He assigned as error the refusal of the court "to permit a physician specializing in neurology and psychiatry to express an opinion as to whether, after having made a complete psychiatric examination, defendant was to any extent a homosexual." In upholding the rejection of such evidence the court said, "The law does not make a distinction as to the type of person who may commit the act charged. It is a punishable offense whether the person is normal or abnormal. The proffered evidence is not . . . a type of circumstantial evidence admissible for the purpose of proving the performance or nonperformance of a criminal act." (Pp. 831-832.) The reasoning of that case overlooks the accepted fact that homosexual acts of the nature there considered constitute abnormal conduct indulged in by persons with a propensity for it; normal individuals ordinarily do not resort to such acts, hence a showing of sexual normality in that respect has relevancy to the nonperformance of homosexual acts. Accordingly, insofar as *People v. Sellers, supra,* is inconsistent with these conclusions, it is disapproved.

The People's objection that the testimony to be given by the psychiatrist was inadmissible because it was inextricably interwoven with the use of the drug sodium pentathol has no merit. Although, as the attorney general properly points out, it is questionable whether the results of examinations made while a person is subject to the "truth drugs" are admissible in evidence (*People v. McCracken,* 39 Cal.2d 336, 350 [246 P.2d 913]; *People v. Cullen,* 37 Cal.2d 614, 626 [234 P.2d 1]), that conclusion is correct only if the statements are offered for the purpose of proving the truth of the matter asserted. (*Cf. People v. McCracken, supra,* at p. 350; *People v. Cullen, supra,* at p. 626.)

Here, the proffered evidence was not the answers of Jones to certain questions, but the interrogator's expert analysis of those answers for the purpose of determining whether Jones was a sexual deviate, that is, a sexual phychopath. The inference that Jones did not commit the offenses charged was to be drawn, if at all, from the psychiatrist's opinion in regard to the sexual propensities of Jones and not from any answers given by him while under the influence of the drug. Jones' responses were the means to an end, the end being proof of the fact that Jones was not a sexual deviate.

A fundamental principle of criminal law is that where the offense charged "is of itself sufficient to inflame the mind of the average person, it is required that there be rigorous insistence upon observance of the rules of the admission of evidence." (*People* v. *Evans,* 39 Cal.2d 242, 251 [246 P.2d 636].) The rationale of that rule applies whether the question presented concerns objectionable and prejudicial matter introduced by the prosecution, or the improper rejection of evidence tendered by the defense. Moreover, it is often said in referring to prosecutions for offenses against children, that "no charge can be more easily made, and none more difficult to disprove." For that reason, any procedural error must be carefully considered to determine whether the rights of the defendant were prejudiced by it. (See *People* v. *Adams,* 14 Cal.2d 154, 164 [93 P.2d 146] ; *People* v. *Neal, supra,* at p. 771.)

In the present case, the only direct evidence is the charges made by Carol and the denials of Jones. He presented evidence tending to prove a good reputation for morality ; the prosecution introduced no evidence to the contrary. To some extent, Carol's testimony was impeached, and there is evidence that her reputation for truth and veracity was bad. From those circumstances, considered in connection with the entire record, it appears that the exclusion of the psychiatrist's testimony was prejudicially erroneous. For that reason there has been a miscarriage of justice. (Cal. Const., art. VI, § 4½.)

The order denying the motion for a new trial is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Respondent's petition for a rehearing was denied March 3, 1954.