[Crim. No. 5783.   Second Dist., Div. Three.   Apr. 9, 1957.]

THE PEOPLE, Respondent, v. CLYDE MATTHEWS, Appellant.

Kates & Kates for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In a trial without a jury, defendant was convicted of two counts of violating section 288 of the Penal Code. Proceedings were suspended and probation was granted. He appeals from the judgment, sentence and order granting probation.

Appellant contends, in effect, that the court erred in not considering the testimony of a psychiatrist.

In the summer of 1955, Jean, a girl 10 years of age, her brother Victor, and her girl friend Vickie were on a "hike" on a road near Granada Hills. While appellant, who was a

foreman of ranches in that area, was driving a truck on that road he overtook the hikers and, upon his invitation, they rode with him to a pond on one of the ranches. Appellant took his trousers off and, while wearing his shorts, waded in the pond. He exposed himself. The children also waded in the pond, wearing their underclothing. After appellant and the children had put on the clothing which had been removed, appellant carried Jean to a tree stump where they sat together. She testified that he asked her if she was growing, and he pulled up her shirt and looked at her breasts.

About a week later, appellant went to Jean's house and took her and her brother to the pond.

According to her testimony, he then committed acts which were a violation of said section 288.

About two or three weeks later, appellant went to Jean's home and took her, in his truck, to the middle of an orange grove. According to her testimony, he then committed acts which were a violation of said section 288. She also testified that he told her she was his second wife; and he told her not to tell her mother what had occurred.

In November, 1955, Jean and her girl friend Vickie walked to appellant's house and played there for a while and then they started looking and calling for him. She testified that he called out that he was in the blacksmith shop; when they went into the shop they saw appellant who had his pants and shorts down around his knees.

A police officer, who arrested appellant, testified that he told appellant he was charged with molesting the girl; that appellant said: he had been awfully careless but he did not think too much about it because they seemed like a family; he went swimming in the pond with the children, and he and they had their shorts on; he did not expose himself intentionally; he told the children not to tell their parents; he felt Jean's breast on one occasion; he had called Jean his wife.

Appellant testified that in July or August, 1955, while he was going to one of the ranches, Jean and her brother stopped him and said they were going to the ranch for a picnic lunch; he suggested that they go to a certain place by some trees; they got in his truck and he took them to that place; in the afternoon he took them home; two or three weeks later he took the children to the pond; there were sticks and rocks in the pond; he took his pants off and, while wearing his shorts, waded in the pond and removed sticks and rocks; the children also waded in the pond, wearing their shorts; with reference

to the incident at the blacksmith shop or garage, he had been doing some carpenter work which required overhead hammering, and splinters and flakes of old paint had fallen under his shirt, and in order to remove the splinters and flakes he let his pants down and at that time the girls came into the garage; he never intentionally exposed himself; he did not commit the acts, referred to by Jean, which allegedly were violations of section 288; he did not ask her if her breasts were growing; he had a conversation with Jean and Vickie about their breasts, but they began the conversation; on one occasion, while Jean had her shirt pulled up, he made a circle with his finger where the breast would eventually be; on one occasion he helped her pin her shorts with a safety pin.

It was stipulated that Dr. McNeil, who was called as a witness by appellant, was qualified as a medical doctor. He testified that he is a psychiatrist; he performed a regular psychiatric examination of appellant. Counsel for appellant asked the doctor if he had an opinion as to whether or not the appellant is disposed to become involved in sexual offenses with children. He replied that in his opinion appellant is not disposed to such acts.

■ The only contention of appellant is that ''The Trial Court Committed an Error of Law in That the Court, in Effect, Instructed Itself as the Trier of the Facts, Not to Consider the Testimony of a Capable Psychiatrist.'' The contention is based upon a statement of the judge regarding the case of *People* v. *Jones,* 42 Cal.2d 219 [266 P.2d 38]. While Dr. McNeil was testifying, counsel for appellant asked for permission to submit ''a trial brief on the case of 'People against Jones'?'' The judge replied that he had read that case. After the parties had rested, and while the judge was making statements regarding the case—just prior to rendering the decision, he said, among other things: ''Well, as I stated yesterday, the Court has read that Jones case before and made it a point to read it again since the trial of this matter started, and it isn't at all in point in this matter at all, because in the Jones case there was the absolute and forthright denial by the defendant that he had done anything that the complaining witness had said that he had done. Whereas in this case, this defendant has very frankly admitted up to certain points that he did what the complaining witness says he did. I might agree with the defendant that he used poor judgment. And I am satisfied, from the evidence, that he hasn't . . . been entirely truthful with us, frank in every-

thing that is in his mind as to the interpretation of the things that he did do.'' Appellant states that it is clear that when the court stated that the Jones case ''isn't at all in point in this matter at all,'' the court thereby excluded from its consideration the opinion of Dr. McNeil that appellant was not disposed to become involved in sexual offenses with children. In the Jones case, wherein the charge was violation of said section 288, it was held that the trial court erred prejudicially in rejecting an offer of proof that a psychiatrist would testify that the defendant was not disposed to commit such type of offense. In the present case, the trial judge received the testimony of Dr. McNeil that in his opinion the defendant was not disposed to become involved in sexual offenses with children. The judge did not state that he would not consider the testimony of Dr. McNeil. The fact that the judge stated that the Jones case was not in point did not necessarily mean that the testimony which had been received would not be considered. The judge pointed out what he considered to be distinguishing features of the cases, namely, that in the Jones case the defendant denied all the acts asserted by the complaining witness, and in the present case the defendant admitted up to certain points that he did what Jean said he did. The remarks of the judge, in the present case, might indicate he considered that the admissions by defendant ''up to certain points'' refuted the opinion of the doctor by revealing a disposition on the part of defendant to become involved in such offenses. It is to be assumed, in the absence of a statement by the judge to the contrary, that he considered all the evidence which was received. The contention of appellant is not sustainable.

The judgment is affirmed.

Vallée, J., concurred.

Shinn, P. J., concurred in the judgment.