344 P.2d 981

STATE of Utah In INTEREST OF C——,
a minor.

No. 9003.

Supreme Court of Utah.

Oct. 19, 1959.

———◆———

D. H. Oliver, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Earl S. Spafford, Asst. Atty. Gen., for respondent.

CALLISTER, Justice.

Petitions were filed with the First District Juvenile Court alleging that C—— and S——, half sisters, were neglected children and praying that they be committed to the Utah State Welfare Department for placement for the purpose of adoption.

The juvenile court held hearings upon the petitions, and at the conclusion thereof entered an order dismissing the petition as to S——, leaving her in the custody of her mother, but found C—— to be a neglected child and awarded custody to a Mr. and Mrs. J. S. for purposes of adoption.

The mother of the children, herein referred to as appellant, together with her parents, complain of the juvenile court's order as to C—— and prosecute this appeal.

Appellant is the mother of five children, all of whom were born out of wedlock, and fathered, insofar as the record discloses, by different individuals. The whereabouts of the fathers of C—— and S—— is unknown, and they have never acknowledged the children or contributed to their support. The record does not disclose the whereabouts of appellant's other three children. At the time of the hearings S—— was six years of age and C—— five.

Sometime in January or February, 1956, the appellant placed C—— with Mr. and Mrs. J. S. apparently for the purpose of adoption. C—— was still in the custody of Mr. and Mrs. J. S. in the fall of 1958 when the hearings took place. Dur-

ing this time appellant did not contribute anything toward the support of C——.

■ Appellant's first contention, that the petition did not allege sufficient fact to confer jurisdiction on the juvenile court, is without merit. The petition, among other things, alleged that C—— had been abandoned by her father, and that her mother had not contributed to her support. These allegations were sufficient to confer jurisdiction.

The allegations of the petition were supported by the evidence contained in the record and the juvenile court made findings of fact in accordance therewith.

■■ The presumption that it is in the best interest of a child to be reared by its natural parents is one of fact and not of law. It may be overcome by any competent evidence which is sufficient to satisfy a reasonable mind.[1] The evidence in the instant case was of such a nature.

■ Appellant argues that the juvenile court's order with respect to C—— is inconsistent with its action in allowing S—— to remain with appellant. This is not necessarily so. S—— has remained with appellant, but C——. has for three years, since early 1956, been with Mr. and Mrs. J. S. The juvenile court found that C—— had made an excellent adjustment in their home; that there existed a bond of affection between them and C——; and that it would be detrimental to the development of C—— to be removed from the custody of Mr. and Mrs. J. S.

■ Hearings in the juvenile court involving questions as to the custody of children are equitable, and this court is charged with the responsibility of reviewing the evidence and will not disturb the findings and determination made unless they are clearly against the weight of the evidence or there has been an abuse of discretion.[2]

■ In our opinion there was sufficient evidence upon which the juvenile court could base its decree, and that it in no way abused its discretion.

Affirmed. No costs.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

1. Walton v. Coffman, 110 Utah 1, 169 P. 2d 97.

2. In re State in Interest of K——B——, 7 Utah 2d 398, 326 P.2d 395.