## Commonwealth v. Tacconelli

*William H. Lamb*, for Commonwealth.
*Neil Hurowitz*, for defendant.

Kurtz, J., August 2, 1968.—After a trial before a judge and jury, defendant was found guilty upon five bills of indictment, two of which charged that he committed sodomy upon one Peter Dolan, one of which charged the solicitation of Dolan to commit sodomy, and the remaining two charged the corruption of Dolan's morals by reason of that conduct, Dolan then being a minor. He has now moved for a new trial, assigning 12 original reasons and 29 additional reasons, some of which contain numerous secondary or subreasons in support of the motion. . .

Reason no. 17 raises an interesting question. The defense offered Robert Sadoff, M. D., a board certified psychiatrist, and offered to show by him that he had examined defendant on two occasions following the institution of these charges, and that he had employed certain well-recognized tests upon defendant for the purpose of making an analysis and evaluation of him. It was stated that the doctor would then testify that defendant did not possess the characteristics of a sex offender likely to commit sodomy, that he was not a sexual deviate, and that it was improbable that he possessed the necessary intent to be lustful of a boy 13 years of age. It was further offered that, by the psychiatrist, it would be shown that defendant was of a normal state of mind and was, therefore, not prone to commit crimes of the nature of those of which he was charged. Specific traits of the accused were to be then described to the jury from which it would be argued that it was not likely that he would engage in this type of conduct.

The defense also offered to prove by this witness that boys of Dolan's age in puberty were possessed of a disposition "to fabricate irresponsible charges of sex offenses against others".

Additional reason 21 may be considered with no. 17. In this instance, one Betsy Proust was offered as a

witness to testify that she had been defendant's girl friend at or about the time of these alleged occurrences and that she found him to be a normal and responsive male.

The only Pennsylvania cases of which we have knowledge which have treated with this question are Commonwealth v. Kuntz, 88 D. & C. 524 (1954), and Commonwealth v. Nestor, 70 Dauph. 23 (1956), affirmed by the Superior Court and reported at 183 Pa. Superior Ct. 350 (1957).

In the former, an offer to prove that the accused did not have the personality background of one likely to commit sodomy was rejected, the court noting that: "We are not aware that the sciences of the mind have advanced so far as to make relevant and material the opinion of a physician, expert in the phenomena of the mind, to the effect that a defendant, charged with a sexual offense, has the type of strong will and good proclivities, or in other words, possesses the combination of temperament and character which would render him very unlikely to commit a sexual offense".

In the latter, the testimony of a psychiatrist to the effect that defendant did not show the signs which are characteristic of an individual who has definite trends toward continuing homosexuality was received without objection. However, the trial court said, in affirming a conviction, that it "was very doubtful as to the admissibility of the testimony, but no objection thereto having been made, [it] made no comment and allowed it to go into evidence". The Superior Court's opinion did not touch upon this subject when that judgment was reviewed on appeal.

The authorities from other jurisdictions which we have found are not consistent. The Supreme Court of California admitted psychiatric testimony in People v. Jones, 42 Cal. 2d 219, 266 P. 2d 38 (1954), in a case in which defendant was accused of committing a

lewd or lascivious act upon a child with intent of arousing lust or passion. However, the court stated in its opinion that there was a California statute in effect which established a procedure by which it could be determined whether one was a sexual psychopath. In commenting upon that statutory provision, it said:

"The competency of expert opinion in this field of evidence is established by the statutory procedure for the determination of sexual psychopathy": 266 P. 2d 42.

Despite the conclusion of the California court that the statute justified the submission of psychiatric testimony in a trial to determine whether a particular accused was guilty of a specified sexual crime, it is submitted that an analysis of the statute itself creates some doubt, at least, as to the validity of that conclusion. See Falknor and Steffen, Evidence of Character: From the "Crucible of the Community" to the "Couch of the Psychiatrist", 102 U. of Pa. L. Rev. 980 (1954). The comparable Pennsylvania statute, the Act of January 8, 1952, P. L. (1951) 1851, sec. 1, et seq., as amended, 19 PS §1166, has been declared unconstitutional as depriving one convicted of a sex crime and, therefore, subject to examination to determine whether or not he is a sexual psychopath, of due process of law in the procedural aspect: Commonwealth v. Dooley, 209 Pa. Superior Ct. 519 (1967). However, even if it should be determined that that statute is declaratory of State policy concerning the admissibility of expert testimony in arriving at a decision as to the disposition to be made of a particular offender, it is submitted that by no stretch of its language can it be interpreted so as to authorize the admission of an opinion from a psychiatric expert in a particular case to the effect that the accused on trial either does or does not possess homosexual characteristics. There is a vast difference in our view between a determination of in-

nocence or guilt on the one hand and a determination that one already convicted is or is not one who "constitutes a threat of bodily harm to members of the public, or is an habitual offender and mentally ill."

O'Kon v. Roland, 247 F. Supp. 743 (1965), was a case decided by the United States District Court for the Southern District of New York involving the authority of a Coast Guard commandant to revoke plaintiff's license as a purser. The ship doctor's testimony to the effect that "we refer to him (the plaintiff) as an AC-DC, a person of homosexual tendencies" was held admissible as a statement concerning the purser's reputation on board ship. It was also held that the doctor's opinion that the purser possessed the capacity to commit homosexual acts was admissible as a statement of his professional opinion. But here again, the reliability of this decision as precedent is tarnished in some degree by the fact that a Federal statute which pertains to the procedure by which administrative hearings of this type were to be held had relaxed the strict application of rules of evidence in such cases, and the regulations adopted pursuant to the provisions of that statute provided that "strict adherence to rules of evidence observed in courts is not required". Thus, much of what the court said concerning the admissibility of such testimony is only dicta.

State v. Sinnott, 24 N. J. 408, 132 A. 2d 298 (1957), was a case in which defendant's conviction of sodomy with a male child under the age of 16 years was affirmed. At the trial the defense offered psychiatric testimony to show by expert opinion that the accused was not a sexual deviate and that he had no inherent traits of perversion which would lead him to commit sodomy. That offer was rejected by the lower court. After an exhaustive review of many authorities, both legal and scientific, upon the subject, the Supreme Court said:

"The full significance of the testimony offered, its arborescence and the reflected conflicts and inferences have been carefully weighed. From its most favorable aspect, such testimony has merely a tenuous probative value because there is still a substantial gap to be breached between the evidence offered and the unlikelihood of the commission of a particular offense": 132 A. 2d 310.

We believe that the probative value of such testimony is insignificant indeed. Our own experience as a lawyer and judge sustains our conviction that many admitted sodomists are also given to the more normal and accepted methods of sexual expression. This conviction is evidenced by the pleas of guilty to sodomy which we have witnessed from time to time from those who are married and live in apparent harmony with their wives and children. If such expert testimony is admissible when offered by the defense, so also should it be when offered by the Commonwealth. In these circumstances, we are inclined to follow the decision of the Supreme Court of New Jersey which we have just cited. Until such testimony can be said to have a more positive value in determining whether a given accused has or has not committed an act of sodomy upon another, a battle of psychiatrists dealing only in opinion should be avoided.

What we have just said concerning the rejection of the psychiatric testimony is likewise justification for the rejection of the testimony of defendant's former girl friend. Since no error was committed in either regard, a new trial upon those grounds would not be warranted.

No authority has been cited in support of the proposition that expert psychiatric testimony is admissible to show that boys of the age of puberty are inclined to fabricate irresponsible charges of sex offenses against others. The witness who was offered in that regard had

not had the benefit of an examination of or association with the boy. The offer was general in its terms; it did not purport to characterize this boy in that regard. The most the psychiatrist could have said on that subject was that some boys do and some do not fabricate stories upon such topics. Whether or not this boy was fabricating was a question for the jury and it was instructed upon that subject. To have permitted the presentation of the testimony offered would have been to embark upon a flight of pure speculation. No error was committed. . .

We have reviewed the record with care. We are satisfied that defendant was accorded a fair trial and that he has been properly convicted by the jury which heard all of the competent testimony offered. For these reasons, we hereby refuse his motion for a new trial. It is so ordered.

It is further ordered that defendant appear before our court in West Chester, Pa., on Friday, September 13, 1968, for sentence. Prior to that time, David Brittingham, assistant probation officer of this court, shall conduct a presentence investigation pursuant to the authority contained in the Act of Assembly of December 22, 1965, P. L. 1187, sec. 1, 19 PS §890, and shall make a written report of that investigation to the court, and this shall be his authorization so to do.