[Crim. No. 19031. First Dist., Div. One. Oct. 12, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY M. CORDOVA, Defendant and Appellant.

**COUNSEL**

Wes Sage, under appointment by the Court of Appeal, and Mike Bonnifield for Defendant and Appellant.

Evelle J. Younger, Attorney General, and Linda Ludlow, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**RACANELLI, P. J.**—On appeal from a judgment of conviction entered upon a jury verdict of guilty of a violation of Penal Code[1] section 12560 (possession of a firearm by a person previously convicted of a felony committed with a firearm), defendant challenges both the admissibility and sufficiency of the evidence and the sentence imposed. Our review of the record discloses no merit in the several challenges; we affirm the judgment.

### FACTS

The relevant facts are as follows:

Upon his release from prison in late August 1977, defendant resided intermittently with his wife Valerie and his parents, listing the Gilroy residence of his wife with parole authorities as his legal residence. In the course of a parole search of a car driven by defendant in early October 1977, the locked trunk yielded a loaded Remington .270 pump rifle together with several rounds of .270 and .357 calibre ammunition, a pair of surgical gloves and a knit cap. Defendant, while acknowledging use of the car on several occasions, denied any knowledge of the contraband or other items found in the trunk contending he never had the trunk key which his wife reported as missing prior to his release from prison. The car, owned by defendant's father, had been driven by various members of the Cordova family. Defendant's father testified that he discovered the trunk key was missing sometime in mid-August 1977; other family members confirmed the key's absence, one testifying it was missing as early as mid-September 1977. During trial evidence was admitted over objection concerning Valerie's possession of two boxes of similar calibre ammunition and the store manager's testimony corroborating Valerie's purchase of the ammunition in late September 1977; defendant denied any knowledge of such ammunition.

Defendant generally challenges the sufficiency of the evidence relating to his knowledge of the presence of the rifle in the locked trunk; he

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

contends that the evidence of Valerie's possession of ammunition should have been excluded since any probative value was outweighed by its prejudicial effect.

ISSUE

The sole disputed issue under the charge of violating section 12560[2] is defendant's possession, custody or control of the rifle.

I. *Admissibility and Sufficiency of the Evidence.*

■ Generally, evidence possessing "any tendency in reason to prove or disprove any disputed [material] fact" is relevant (Evid. Code, § 210) and admissible unless otherwise provided by statute (see Evid. Code, §§ 350-351; Witkin, Cal. Evidence (2d ed. 1966) §§ 302, 313-314, pp. 266-267, 275-278, and authorities there collected); the relative strength or weakness of such evidence is to be determined by the jury. (*People* v. *Demond* (1976) 59 Cal.App.3d 574, 588-589 [130 Cal.Rptr. 590]; *People* v. *Slocum* (1975) 52 Cal.App.3d 867, 891 [125 Cal.Rptr. 442] [cert. den. 426 U.S. 924 (49 L.Ed.2d 379, 96 S.Ct. 2635)].) Such relevancy is not restricted to a precise factual issue alone but equally applies when "it tends to establish a fact from which the existence . . . of [another] fact in issue can be directly inferred." (*People* v. *Warner* (1969) 270 Cal.App.2d 900, 908 [76 Cal.Rptr. 160]; *People* v. *Jones* (1954) 42 Cal.2d 219, 222 [266 P.2d 38]; see Evid. Code, § 600, subd. (b); see also Witkin, *op. cit.,* pp. 275-276.)

■ The proscribed possession requires a showing that the defendant exercised dominion and control over the weapon with knowledge of its presence and nature (*People* v. *Prochnau* (1967) 251 Cal.App.2d 22, 30 [59 Cal.Rptr. 265]); but the specific intent to commit the unlawful act is not required. (Cf. *People* v. *Mendoza* (1967) 251 Cal.App.2d 835, 843 [60 Cal.Rptr. 5]; *People* v. *Nieto* (1966) 247 Cal.App.2d 364, 368 [55 Cal.Rptr. 546] [cert. den. 387 U.S. 911 (18 L.Ed.2d 632, 87 S.Ct. 1698)] [§ 12021 violations].) Of course, proof of guilt may be established by circumstan-

---

[2]Section 12560, as amended, provides in pertinent part: "Every person who has been convicted of a felony . . . and who used a firearm in the commission of such felony, who owns or has in his possession or under his custody or control any firearm is punishable by imprisonment in the state prison or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both such term of imprisonment and such fine." (Amended by Stats. 1976, ch. 1139, § 321, operative July 1, 1977.)

Defendant's prior felony conviction (§ 245, subd. (a)) involving the use of a firearm (a shotgun) is undisputed.

tial evidence. (*People* v. *Redrick* (1961) 55 Cal.2d 282 [10 Cal.Rptr. 823, 359 P.2d 255].) ■ Herein, the evidence disclosed that Valerie purchased the ammunition knowing that defendant could not legally possess any firearm; no explanation was offered by the defense for Valerie's purchases which occurred *after* the alleged loss of the trunk key. The ammunition, some of which matched that subsequently found in the trunk and loaded rifle, was discovered in their common residence. The challenged evidence was clearly admissible as tending to establish a chain of circumstances from which defendant's knowledge and actual or constructive possession or control of the firearm could be readily inferred supporting a finding of guilt. (*People* v. *Nieto, supra,* 247 Cal.App.2d 364, 368.) Whether its probative value was outweighed by any prejudicial effect was for the trial court to determine (Evid. Code, § 352) whose discretion may not be disturbed in the absence of palpable abuse. (*People* v. *Murphy* (1972) 8 Cal.3d 349, 363 [105 Cal.Rptr. 138, 503 P.2d 594] [cert. den. 414 U.S. 833 (38 L.Ed.2d 68, 94 S.Ct. 173)]; *People* v. *Stanworth* (1969) 71 Cal.2d 820, 840 [80 Cal.Rptr. 49, 457 P.2d 889].) Defendant neither specifies, nor do we find, any abuse in the admission of such clearly probative circumstantial evidence tending to establish guilt. (*People* v. *Reilly* (1970) 3 Cal.3d 421, 424 [90 Cal.Rptr. 417, 475 P.2d 649].)

■ On appeal, viewing the evidence in a light favorable to the judgment, we need determine only whether substantial evidence exists to support the findings and conclusions below and not "whether guilt is established beyond a reasonable doubt." (*People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321]; accord *People* v. *Reilly, supra,* 3 Cal.3d 421, 425; *People* v. *Mosher* (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].) Due process is satisfied when it can be determined that based upon such evidence "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson* v. *Virginia* (1979) 443 U.S. 307 [61 L.Ed.2d 560, 573-574, 99 S.Ct. 2781].) ■ Applying that standard, we conclude that defendant's conviction of the unlawful possession of a firearm was amply supported by substantial evidence under both state and federal law. We find no error as claimed.

## II. *Sentencing Error*

■ Defendant next contends that the two-year sentence imposed exceeded the maximum punishment prescribed under the statute. He is mistaken.

Relying on established principles that a penal statute susceptible of more than one reasonable construction should be construed in a manner favorable to the accused (see *People* v. *Smith* (1955) 44 Cal.2d 77 [279 P.2d 33]; *People* v. *Valentine* (1946) 28 Cal.2d 121 [169 P.2d 1]; *People* v. *Ralph* (1944) 24 Cal.2d 575 [150 P.2d 401]), defendant now argues that the one-year penalty provided under the statute applies equally to a sentence to state prison as well as to county jail. We disagree.

Prior to its revision as a part of the comprehensive determinate sentencing law (Stats. 1976, ch. 1139, § 321), the underlying section provided in relevant part for punishment by "imprisonment in the state prison not exceeding 15 years, or in a county jail not exceeding one year . . . ." (Stats. 1965, ch. 931, § 4.) The 1976 legislation, in deleting the prior provision of an indeterminate term of 15 years' imprisonment, simultaneously amended the general language of Penal Code section 18 (relating to punishment for felonies not otherwise prescribed by law) to provide a fixed term of imprisonment for every offense "declared to be a felony, or . . . punishable by imprisonment in state prison . . . ."[3] Since the instant offense is expressly classified as a felony (Pen. Code, § 17), we must reasonably assume that the Legislature in repealing the greater sentence while enacting the more lenient penalty for a general felony offense was well aware of the otherwise inclusive provisions of section 18 specifying a fixed term of imprisonment for felonies whose punishment was not otherwise prescribed. (See generally *American Friends Service Committee* v. *Procunier* (1973) 33 Cal.App.3d 252, 260 [109 Cal.Rptr. 22]; *People* v. *Woods* (1970) 7 Cal.App.3d 382, 388 [86 Cal.Rptr. 508]; see also *In re Isch* (1917) 174 Cal. 180, 182-183 [162 P. 1026].) As persuasively argued by the People, had the Legislature intended to prescribe a *specific and different* maximum term of imprisonment for the instant offense, it could easily have done so. (Cf., e.g., § 270 providing for alternative state prison sentence "not exceeding one year and one day.") Guided by established principles of construction that all of the Penal Code provisions must be construed as a whole (*People* v. *Comingore* (1977) 20 Cal.3d 142, 147 [141 Cal.Rptr. 542, 570 P.2d 723]; *People* v. *McKerney* (1967) 257 Cal.App.2d 64, 69 [64 Cal.Rptr. 614]) and that contemporaneously enacted legislation be read together (*Sacramento etc. Dist.* v. *Riley* (1926) 199 Cal. 668, 676 [251 P. 207]), we believe that the only reasonable

---

[3]Section 18, as amended (Stats. 1976 ch. 1139, p. 5089) provides in pertinent part: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in state prison, is punishable by imprisonment in any of the state prisons, for 16 months, or two or three years . . . ."

construction of the statute sub judice supports our conclusion that the Legislature intended to provide an alternative punishment of *either* state imprisonment for conviction of a felony under the general statute (§ 18) *or* confinement in the county jail not exceeding a period of one year as a misdemeanor upon imposition of such sentence. (§ 17, subd. (b); see *In re Robert S.* (1979) 92 Cal.App.3d 355, 361, fn. 2 [154 Cal.Rptr. 832] [construing an identical punishment provision under Pen. Code, § 496, subd. (1)].) In the absence of either aggravating or mitigating circumstances, imposition of the base term of two years' imprisonment was clearly proper. (See § 1170, subd. (b).)[4]

Judgment affirmed.

Elkington, J., and Newsom, J., concurred.

---

[4]Since the record demonstrates that defendant served more than one prior prison term for purposes of enhancement under section 667.5, subdivision (b), we need not discuss the issue raised in the supplemental briefs concerning dual use of defendant's felony conviction as an element of the underlying offense. (Cf. *People* v. *Roberson* (1978) 81 Cal.App.3d 890 [146 Cal.Rptr. 777].)